UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dannez Hunter,
an individual,

    Plaintiff,

v.

Keith Rupert Murdoch, et al.,

    Defendants.

Case No. 19-cv-0590 (NEB/DTS)

**REPORT AND RECOMMENDATION**

Plaintiff Dannez Hunter did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* Docket No. 2. That IFP application is now before the Court and must be reviewed before any other action may be taken in this matter.

After review of the IFP application and accompanying materials, the Court concludes that Hunter qualifies financially for IFP status. That said, an IFP application will be denied, and a case dismissed, where an IFP applicant submits a complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

1

This action cannot go forward for two reasons.  First, the complaint is overlong.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The words 'short and plain' are themselves short and plain, and they mean what they say:  A complaint must be concise, and it must be clear.  Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed."  *Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).  Rule 8(d) reinforces the point when it provides "[e]ach allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).  By no reasonable definition can Hunter's complaint be called "short and plain" or "simple, concise and direct."  At approximately 75,000 words, Hunter's complaint is longer than William Shakespeare's *Romeo and Juliet*, *King Lear*, and *Macbeth* combined.  Appended to the complaint are 118 pages of exhibits, some of which include allegations and claims that go still further beyond the scope of the already bloated complaint.  Seldom are pleadings *less* compliant with Rules 8(a)(2) and 8(d)(1) than what Hunter has submitted.  This is reason alone to recommend dismissal of this action.  *See Olson v. Little*, 978 F.2d 1246 (8th Cir. 1992) (affirming the district court's *sua sponte* dismissal of a complaint under Rule 8).

Not only is Hunter's complaint too long, it is also frivolous.  Hunter seeks to assert countless claims, most of them arising under federal criminal statutes, against sundry defendants, including the Australian government, two former Presidents of the United States, the Federal Bureau of Investigation, the U.S. Federal Trade Commission, a dozen or so federal and state-court judges, several law firms, two property-development companies, and many, many others.  The allegations encompassing these disparate defendants range from the merely conspiratorial to the outright delusional.  (For example,

2

throughout the complaint, Hunter describes these defendants in terms such as "Seditious Terrorist.") Non-frivolous legal claims cannot be built atop such fantastic allegations. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The action should be dismissed.

One matter merits further comment. Hunter's conduct during the course of prior litigation has merited the imposition of filing restrictions *within* those cases. To this point, however, Hunter has not been restricted from filing new lawsuits in this District, despite having filed several other actions that were, like this action, deemed frivolous upon initial review. *See, e.g.*, *Hunter v. United States House of Representatives*, No. 18-CV-0327 (JNE/HB) (D. Minn.). Hunter is now being put on notice: Although all litigants must be afforded access to the courts, that right does not extend to the filing of baseless or otherwise frivolous complaints. Should Hunter persist in filing frivolous lawsuits, it may become necessary to impose further restrictions upon Hunter's ability to initiate new proceedings while unrepresented by counsel.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 8 of the Federal Rules of Civil Procedure.

2. The application to proceed *in forma pauperis* of plaintiff Dannez Hunter [Docket No. 2] be DENIED.

Date: March 21, 2019                    s/David T. Schultz
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).